IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COYLE THOMAS JENNINGS, | § | |
| TDCJ #1602005, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2011 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

The petitioner, Coyle Thomas Jennings (TDCJ #1602005), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Jennings has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction.  After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

## I.    BACKGROUND

---

[1]     The petition names Robert Balli as the respondent.  Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes Director Rick Thaler as the proper respondent.

Jennings reports that he was charged with aggravated robbery in cause number 1100488. On February 8, 2008, a jury in the 209th District Court of Harris County, Texas, found Jennings guilty as charged and sentenced him to 8 years' imprisonment. On direct appeal, Jennings challenged the admissibility of his pre-trial identification. An intermediate court of appeals rejected Jennings's arguments and affirmed the conviction in an unpublished opinion. *See Jennings v. State*, No. 14-08-00123-CR, 2009 WL 1677858 (Tex. App. — Houston [14th Dist.] June 4, 2009). Jennings did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

In a petition dated May 25, 2011, Jennings now seeks a writ of habeas corpus to challenge his state court conviction under 28 U.S.C. § 2254. Jennings contends that he is entitled to relief for the following reasons: (1) there was no evidence showing that a weapon was used to commit the offense or that the robbery was aggravated in nature; (2) there was no evidence (other than his finger prints) proving that he was inside the victim's home; (3) he was mistakenly identified as the perpetrator; and (4) he was with his brother and his ex-wife when the offense occurred and could not have committed the robbery. For reasons discussed further below, the petition must be dismissed because Jennings has failed to exhaust available state court remedies with respect to his claims.

## II.    EXHAUSTION OF REMEDIES

The petition in this case is governed by the federal habeas corpus statutes. This statutory scheme mandates that "[a]n application for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*.  *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of

Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

As noted above, Jennings did not file a petition for discretionary review with the Texas Court of Criminal Appeals after his conviction was affirmed on direct appeal. Moreover, Jennings concedes that he has not filed any other petition, application, or motion to challenge his conviction in state court and that he presents his claims for the "first time" on federal habeas review [Doc. # 1, ¶¶ 10, 23]. Jennings has not yet filed a state habeas corpus petition under Article 11.07 of the Texas Code of Criminal Procedure. Because this avenue remains open, it follows that Jennings has not exhausted all available state remedies with respect to his claims. Comity requires this Court to defer consideration of Jennings's claims until the Texas Court of Criminal Appeals has reviewed the merits. *See, e.g., Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). Accordingly, the pending federal habeas petition must be dismissed as premature.

## III.   **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1.      The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 2] must be **DENIED** because he has neglected to include a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2).

2.      The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

5

3.      A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on June 6, 2011.

Nancy F. Atlas
United States District Judge